The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:24 PM January 7, 2016**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DWIGHT ERIC WOODS, | ) | CASE NO. 15-61351 |
| | ) | |
| Debtor. | ) | ADV. NO. 15-6099 |
| _____ | ) | |
| DWIGHT ERIC WOODS, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| BANK OF NEW YORK MELLON, | ) | **INTENDED FOR PUBLICATION)** |
| AS TRUSTEE CWABS 2007-10, | ) | |
| | ) | |
| Defendant. | ) | |

On November 13, 2015, Defendant moved to dismiss Plaintiff's complaint on three grounds: (1) a lack of subject matter jurisdiction, (2) claim and/or issue preclusion, and (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff, appearing pro se, filed a response opposing dismissal on December 30, 2015.

The court has subject matter jurisdiction of the underlying bankruptcy case under 28 U.S.C. § 1334. It is a statutorily core proceeding under 28 U.S.C. § 157 and the court has authority to issue final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation.   The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND FACTS

In this adversary, Plaintiff challenges Defendant's position as a secured creditor under a mortgage purportedly secured by Plaintiff's residence.   Between the complaint and his response to the motion to dismiss, he contends that Defendant failed to prove it is the holder of the mortgage note.   He does not deny that he owes money under the note but he does not agree that he owes money to Defendant, for a variety of reasons, including:   (1) he cannot find his loan on the list of loans under the real estate trust named by Defendant, and (2) the trust is not listed to do business in Ohio and has not registered with the state.

To more fully understand his argument, the court summarizes the history from his accounts.   According to Plaintiff, he originally had a mortgage with National City Bank.   In 2007, Countrywide Mortgage solicited him to refinance that mortgage.   During closing, he says he realized the terms were not what was originally represented and he attempted to halt the process.   Although Countrywide promised to rectify the problems, it never happened.   For a period of time, he made the wrong payments to Countrywide while attempting to resolve the issues.   When Countrywide went out of business, Bank of America took over his loan.   He was still expecting a new loan to be written.

In 2008, he was sued by Bank of New York ("BONY") and BONY eventually dismissed the foreclosure action.   Plaintiff suggests the dismissal occurred because Bank of America, not BONY, held the mortgage and/or note.   During the foreclosure, he learned that the Countrywide mortgage had been recorded.   Following dismissal of the complaint, in August 2008, an assignment of mortgage was filed whereby Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., assigned the mortgage to The Bank of New York as Trustee for the Benefit of the Certificateholders, CWABS, Inc., Asset-Backed Certificates, Series 2007-10.   Plaintiff indicates that other servicers have also been involved with collection activity on the mortgage note.

In 2012, he was again sued, this time by Defendant.[1]   He denied the claims and participated in mediation.   Defendant later obtained summary judgment by default.   Plaintiff alleges the judgment was entered before his time to respond expired.   He appealed the decision to the Court of Appeals for the Ninth Judicial District and the appeal was stayed when he filed his bankruptcy case.

Plaintiff does not deny that Defendant obtained summary judgment from the Wayne County Court of Common Pleas on or about July 30, 2014.   (M. Dism., Ex. D, ECF No. 6-5) That entry contains the following findings:

> The Court finds that the Note was secured by the Mortgage held
> by Plaintiff which, except for property taxes or assessments, con-

---

1 Plaintiff suggests that BONY and Defendant are different entities.   This is not clear to the court.

stitutes a valid and subsisting lien upon the subject property commonly known as 621 Garfield Ave, Orrville, OH  44667, and more particularly described in Exhibit "A" hereto.   The court further finds that the mortgage was recorded on June 15, 2007 in Book 587, Page 1692, as Instrument No. 200700008203, of the records of the Wayne County Recorder; that the Mortgage was subsequently assigned to Plaintiff and that the conditions of said Mortgage have been broken and the Plaintiff is entitled to have the equity of redemption of the Defendant-titleholders..(sic) foreclosed.

(Id. at p. 2)

## LAW

In his response to the motion to dismiss, Plaintiff argues that Defendant's secured status was never addressed by the common pleas court and therefore can be addressed by this court. This in incorrect.   In finding that "the Note was secured by the Mortgage held by Plaintiff which, . . .. constitutes a valid and subsisting lien on the subject property . . .," the common pleas court definitively ruled on Defendant's secured status.   (Id.)   If this court were to review that finding, it would overstep its authority under the Rooker Feldman doctrine.   Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 274, 292 (2005); 28 U.S.C. § 1257.   The purpose of the Rooker Feldman doctrine is to prevent a party who lost or was subject to an adverse finding in state court from using a federal court to end-run the state court decision.   Kovacic v. Cuyahoga Cty. Dep't of Children and Family Serv., 606 F.3d 301 (6th Cir. 2010).   The relief sought by Plaintiff, a determination by this court that the mortgage is unsecured, clearly would upset the state court's judgment of foreclosure, resulting in an impermissible exercise of this court's jurisdiction.   Kafele v. Lerner, Sampson & Rothfuss, LPA, 161 Fed.App'x 487 (2005).

Plaintiff also suggested that, due to procedural errors, the state court judgment is void or voidable and therefore open to review.   This court recently rejected a similar argument under the Rooker Feldman doctrine.   In re Goodman, 2015 WL 3507119 (Bankr. N.D. Ohio 2015) (citations omitted).

The court finds it lacks subject matter jurisdiction over this adversary proceeding.   The complaint will be dismissed by separate order to be entered immediately.

#          #          #

**Service List:**

Dwight Eric Woods
621 Garfield Avenue
Orrville, OH 44667

Gregory A. Stout
3962 Red Bank Road
Cincinnati, OH 45227